AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

Judgment - Page 1 of 8

## UNITED STATES DISTRICT COURT
### District of New Jersey

UNITED STATES OF AMERICA

v.

CASE NUMBER   3:25-CR-00232-ZNQ-1

FRANCISCO VILLAFANE

Defendant.

### JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, FRANCISCO VILLAFANE, was represented by SAVERIO A. VIGGIANO, AFPD.

The defendant pleaded guilty to counts 1 and 2 of the INFORMATION on 4/15/2025.   Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Numbers |
|---|---|---|---|
| 18:2252A(a)(5)(B) AND (b)(2) | POSSESSION OF CHILD PORNOGRAPHY | 10/2023 through 2/12/2024 | 1 |
| 18:2252A(a)(2)(A) AND (b)(1) | RECEIPT OF CHILD PORNOGRAPHY | 10/2023 through 11/2023 | 2 |

As pronounced on May 04, 2026, the defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $200.00 for counts 1 and 2, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 4th day of May 2026.

Zahid N. Quraishi
U.S. District Judge

08861

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

Judgment - Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 210 months, consisting of 120 months for count 1 and 210 months for count 2, each count to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons: that the Bureau of Prisons designate a facility for service of this sentence in the state of Texas.

The defendant will remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.


_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment - Page 3 of 8

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 10 years, on each of counts 1 and 2. All such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

You must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

You must cooperate in the collection of DNA as directed by the probation officer

At the commencement of supervision, you must register with the state sex offender registration agency in the State of New Jersey or any state where you reside or are employed, carry on a vocation, or are a student, as directed by the U.S. Probation Office.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

COMPUTER MONITORING

You must submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computers, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You must allow manual searches of these devices and the installation on your computer of any hardware or software systems which monitor computer use. You must pay the cost of the computer monitoring program. You may use a computer in connection with employment if approved by the U.S. Probation Office, provided you notify your employer of the nature of your conviction and any computer related restrictions that are imposed on you. The U.S. Probation Office will confirm your compliance with this notification requirement.

MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

MINORS – RESTRICTED CONTACT/MATERIALS AND REASONABLE SEARCH

With the exception of brief, unanticipated and incidental contacts, you must not associate with children under the age of 18, except for family members or children in the presence of an adult who has been approved by the U.S. Probation Office. You must not obtain employment or perform volunteer work which includes, as part of its job/work description, contact with minor children, without the expressed approval of the U.S. Probation Office. You must not maintain, within your residence or within any outside establishment within your control or custody, any visual depictions whose subject matter involves minor children of either sex and can be deemed to be child pornography as defined at 18 U.S.C. § 2256. These depictions include any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means. These

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment - Page 4 of 8

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

depictions also include any computer-generated image that is indistinguishable from that of a minor engaging in sexually explicit conduct. The U.S. Probation Office will have the right of reasonable search of your person and residence, or any other establishment within your custody or control, and will, if necessary, request the assistance of other law enforcement personnel to enforce the provisions of this special condition.

POLYGRAPH EXAMINATION

You must submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the U.S. Probation Office, to assist in treatment, planning, and case monitoring. You will be required to contribute to the costs of services rendered in an amount to be determined by the U.S. Probation Office, based on ability to pay or availability of third-party payment.

CONSENT TO SEARCH

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

SEX OFFENSE – SPECIFIC ASSESSMENT AND TREATMENT

You must participate in a sex offense-specific assessment and treatment program and follow the rules and regulations of that program. You must remain in that program until satisfactorily discharged with the approval of the Court or the U.S. Probation Office. You shall pay the cost of assessment and/or treatment as directed by the Probation Office.

VICTIM (NO CONTACT)

You must not communicate, or otherwise interact with B.T., either directly or indirectly, without first obtaining the permission of the U.S. Probation Office. This includes, but is not limited to, contact through a third person, personal visits, letters, communication devices, audio or visual devices, or social networking sites.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment - Page 5 of 8

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment - Page 6 of 8

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____

Defendant                                                                         Date

_____

U.S. Probation Officer/Designated Witness                         Date

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

# RESTITUTION AND FORFEITURE

## RESTITUTION

The defendant shall make restitution in the amount of $114,000.00. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

| **Name of Payee** (Victim) | **Amount of Restitution** |
| --- | --- |
| Pia | $7,500 |
| Mya | $5,000 |
| Angela | $10,000 |
| April | $10,000 |
| Aster | $10,000 |
| Candice | $8,000 |
| Jenny | $10,000 |
| Ava | $5,000 |
| Jane | $10,000 |
| Sloane | $10,000 |
| Skylar | $7,500 |
| Lily | $10,000 |
| Alex | $5,000 |
| SV | $3,000 |
| Ali | $3,000 |

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment - Page 8 of 8

Defendant: FRANCISCO VILLAFANE
Case Number: 3:25-CR-00232-ZNQ-1

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $50.00, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.